

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00172-CV

_____

IN THE INTEREST OF M.B. AND L.C., CHILDREN

---

On Appeal from the 322nd District Court
Tarrant County, Texas
Trial Court No. 322-687646-20

---

Before Kerr, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

K.B. (Mother) appeals from the trial court's order terminating her parental rights to her sons M.B. (Mark) and L.C. (Luke)[1] and awarding permanent managing conservatorship of them to the Department of Family and Protective Services.[2] *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (O), (P), (R), (b)(2). We will affirm.

Mother's appointed appellate counsel has filed a brief asserting that Mother's appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, order) (holding that *Anders* procedures apply in parental-rights-termination cases), *disp. on merits*, No. 2-01-349-CV, 2003 WL 2006583, at *2–3 (Tex. App.—Fort Worth May 1, 2003, no pet.) (per curiam) (mem. op.). The brief meets *Anders*'s requirements by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. Mother's counsel has certified to us that he provided Mother with a copy of the *Anders* brief and informed her of her rights to

---

[1]We use aliases to identify the parties. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

[2]Mark and Luke have different fathers. The trial court did not terminate Mark's father's parental rights but found that appointing him as Mark's managing conservator was not in Mark's best interest. The trial court did, however, appoint Mark's father as one of Mark's possessory conservators. The trial court terminated Luke's father's parental rights. Neither father has appealed.

request and to review the appellate record,[3] to file a pro se response in this court, and to seek review from the Texas Supreme Court. We also informed Mother that her appointed appellate counsel had filed an *Anders* brief and gave her an opportunity to examine the appellate record and to file a pro se response to the *Anders* brief. But Mother did not file a response. The Department agrees with Mother's counsel that no meritorious grounds for appeal exist and thus has declined to file a responsive brief.

In assessing the correctness of a compliant *Anders* brief's conclusion that an appeal from a judgment terminating parental rights is frivolous, we must independently examine the appellate record to determine if any arguable grounds for appeal exist. *In re C.J.*, No. 02-18-00219-CV, 2018 WL 4496240, at *1 (Tex. App.—Fort Worth Sept. 20, 2018, no pet.) (mem. op.); *see also Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). We also consider the *Anders* brief itself and any pro se response. *In re K.M.*, No. 02-18-00073-CV, 2018 WL 3288591, at *10 (Tex. App.—Fort Worth July 5, 2018, pet. denied) (mem. op.); *see In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008) (orig. proceeding).

We have carefully reviewed counsel's *Anders* brief and the appellate record. Finding nothing in the record that could arguably support an appeal, we agree with

---

[3]To that end, Mother's counsel explained to Mother the process of obtaining the appellate record; furnished her with a motion for pro se access to the record, which lacked only Mother's signature and the date; and provided her with our mailing address and the motion's filing deadline.

counsel that Mother's appeal is frivolous and without merit.[4] *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005); *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). We will thus affirm the trial court's order terminating Mother's parental rights to Mark and Luke.

Mother's counsel did not file a motion to withdraw, and the record does not show good cause for withdrawal independent from counsel's conclusion that the appeal is frivolous. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (order); *In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pets. denied). Accordingly, Mother's counsel remains appointed in this appeal through proceedings in the supreme court[5] unless otherwise relieved from his duties for good cause in accordance with Texas

---

[4]Regarding the trial court's Subsection (R) finding, Mother's counsel states that the evidence is sufficient to support that finding as to Luke but does not discuss whether the evidence is sufficient to support that finding as to Mark. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(R) (permitting trial court to terminate parental rights on a finding that a parent has "been the cause of the child being born addicted to alcohol or a controlled substance, other than a controlled substance legally obtained by prescription"). We have determined that the evidence is sufficient to support the trial court's findings as to both children on the other conduct-based grounds— Subsections (D), (E), (O), and (P)—which makes it unnecessary to review the sufficiency of the evidence supporting the Subsection (R) finding as to Mark. *See In re N.G.*, 577 S.W.3d 230, 235–37 (Tex. 2019); *In re A.V.*, 113 S.W.3d 355, 362–63 (Tex. 2003). To the extent Mother's counsel is implying that the evidence is insufficient to support that finding and is thus implicitly requesting us to reform the judgment to delete that ground, we decline to do so. *See In re C.H.*, No. 02-17-00388-CV, 2018 WL 1755268, at *1 n.2 (Tex. App.—Fort Worth Apr. 12, 2018, pet. denied) (per curiam) (mem. op.). *But cf. R.J.O. v. Tex. Dep't of Fam. & Protective Servs.*, No. 03-13-00478-CV, 2013 WL 6060778, at *1–2 (Tex. App.—Austin Nov. 13, 2013, no pet.) (mem. op.).

[5]Mother's counsel notes in his brief that he will move to withdraw as appellate counsel in the supreme court.

Family Code Section 107.016(2)(C). *See P.M.*, 520 S.W.3d at 27–28; *see also* Tex. Fam. Code Ann. § 107.016(2)(C).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: September 29, 2022